IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Charles Edwin Shelley, | C/A NO. 3:11-3477-CMC |
| Plaintiff, | **OPINION and ORDER** |
| v. | |
| Oddie Tribble, | |
| Defendant. | |

On December 21, 2011, Plaintiff brought suit in this court against various Defendants, alleging constitutional violations under 42 U.S.C. § 1983 and certain state law causes of action.[1] On July 22, 2013, all Defendants except Defendant Oddie Tribble (Tribble) were dismissed either with or without prejudice. *See* Opinion and Order (ECF No. 93).

Defendant Tribble is – and was at the time this lawsuit commenced – an inmate incarcerated in the United States Bureau of Prisons (BOP). Tribble was personally served with the summons and amended complaint on April 17, 2012, and is in default.

There are currently no pending matters in this case other than Plaintiff's allegations regarding Tribble's liability and damages. However, a question exists regarding Tribble's capacity to be sued in this action, based upon his incarceration.

A party's domicile is important where a question exists as to an individual's capacity to sue or be sued. Capacity to sue or be sued is determined "by the law of the individual's domicile." Fed.

---

[1] Defendants County of Kershaw, Jim Matthews, Steve McCaskill, Kershaw County Sheriff's Office, and Certain Unnamed Officers and Employees of Kershaw County were dismissed from this action by Opinion and Order filed July 22, 2013.

1

R. Civ. P. 17(b)(1). Tribble's capacity to answer or otherwise participate in Plaintiff's lawsuit must therefore be determined by the substantive law of his domicile state. An individual's domicile is determined by two key components: "physical presence in a locale and the intention to remain there indefinitely." *Mizell v. Eli Lilly & Co.*, 526 F. Supp. 589, 592 (D.S.C. 1981). In this case, Plaintiff's Amended Complaint alleges Tribble worked in Kershaw County as a sheriff's deputy at the time of the events underlying Plaintiff's claims. Following his federal conviction, Tribble was sentenced to prison and currently resides in a federal correctional institution in Pennsylvania.

For diversity jurisdiction purposes, a prisoner's domicile is presumed to be where he was domiciled prior to incarceration. *Polakoff v. Henderson*, 370 F. Supp. 690 (N. D. Ga.1973), *aff'd*, 488 F.2d 977 (5th Cir. 1974). This presumption may be rebutted by an inmate's intention to change domicile. *See Roberts v. Morchower*, 956 F.2d 1163 (4th Cir. 1992) (Table) (citing *Jones v. Hadican*, 552 F.2d 249 (8th Cir.), *cert. denied*, 431 U.S. 941 (1977)). However, based upon Tribble's failure to answer Plaintiff's amended complaint, the court is without accurate information relating to Tribble's intention in this regard.

A federal court "must appoint a guardian ad litem—or issue another appropriate order" to protect a litigant who is a "minor or incompetent person." Fed. R. Civ. P. 17(c)(2). A minor or incompetent person may also be represented by a general guardian, committee, conservator, or similar fiduciary. Fed. R. Civ. P. 17(c)(1). Assuming, for the moment, that Defendant Tribble is a South Carolina domiciliary, Tribble does not qualify as an "incompetent person" under South Carolina law. *See Gossett v. Gilliam*, 452 S.E.2d 6, 7 (S.C. Ct. App. 1994) (incarcerated individuals are "not mentally deficient or legally incompetent."). Accordingly, the mandatory appointment provision of Federal Rule 17(c)(2) does not apply. However, although guardian appointment is not

required by the federal rules, a district court "has the inherent discretion to appoint a guardian ad litem for any party who is in need of such appointment." *Buchanan County v. Blankenship*, 406 F. Supp. 2d 642, 645 (W. D. Va. 2005) (citation omitted).

Because Tribble is in default and the court is without accurate information regarding Tribble's intent regarding his post-release plans, the court appoints J. Christopher Mills, Esquire, to serve as guardian ad litem for Tribble for the purpose of determining Tribble's position regarding his domicile and whether or not he intends to participate in this lawsuit in any manner.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 7, 2014