IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Edwin Shelley, | ) | C/A NO. 3:11-3477-CMC |
| | ) | |
| | ) | **OPINION and ORDER** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Oddie Tribble, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On December 21, 2011, Plaintiff brought suit in this court against various Defendants, alleging constitutional violations under 42 U.S.C. § 1983 and certain state law causes of action.[1] On July 22, 2013, all Defendants except Defendant Oddie Tribble (Tribble) were dismissed either with or without prejudice. *See* Opinion and Order (ECF No. 93).

This matter is before the court on the amended complaint of Plaintiff. On April 14, 2014, the court granted Plaintiff's motion to amend, directed Plaintiff to serve Defendant at his place of incarceration, and directed Defendant Oddie Tribble ("Tribble") to file an answer or other pleading, if he so chose, by May 9, 2014. No answer or other pleading has been received from Tribble.

On July 1, 2014, Plaintiff notified the court that he wished to waive a trial by jury and that he sought a trial on both liability and damages. On July 2, 2014, the court held an informal telephone conference with Plaintiff's counsel and James Davis, counsel for the previously dismissed Kershaw Defendants. The court requested that Davis contact the South Carolina Association of

---

[1] Defendants County of Kershaw, Jim Matthews, Steve McCaskill, Kershaw County Sheriff's Office, and Certain Unnamed Officers and Employees of Kershaw County ("Kershaw Defendants") were dismissed from this action by Opinion and Order filed July 22, 2013.

1

Counties ("Association") to ascertain its position on insurance coverage for Tribble. Davis subsequently reported to the court that the Association takes the position that there is no coverage for Tribble, based on a number of exclusions, including his criminal conviction.

It appears that Tribble does not intend to defend on liability.[2] Before proceeding to trial, the court must determine whether Tribble intends to defend *pro se* the determination of damages. If not, the trial shall proceed in Tribble's absence. If Tribble intends to defend the determination of damages, the court intends to stay this matter until Tribble's release from custody.[3]

Accordingly, this court directs that no later than **Friday, August 8, 2014**, Defendant Tribble shall notify this court whether he intends to defend the determination of damages. If no response is received by that date, the court shall construe Tribble's silence as acknowledgment and consent to a non-jury trial proceeding in his absence.

This Order shall be served on counsel for all parties of record, including Tribble at his current place of incarceration. Attorney James Davis shall ensure a copy of this Order is served on the Association.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 16, 2014

---

[2] This assumption is based on Tribble's failure to respond to the complaint and amended complaint, despite having been given specific deadlines to do so. Additionally, the court previously appointed J. Christopher Mills, Esquire, as guardian ad litem for Tribble to determine the question of domicile. Mills reported to the court, *inter alia*, that Tribble chose not to appear and defend this matter.

[3] The United States Bureau of Prisons (BOP) website indicates that Tribble's release date is currently scheduled for January 23, 2016. *See* http://www.bop.gov/inmateloc (last visited July 16, 2014).