IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Edwin Shelley, | ) | C/A No. 3:11-3477-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Oddie Tribble, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees and costs. ECF No. 133. Defendant is in default. For the reasons set forth below, the court awards $8,568.00 in attorney's fees and $2,000.00 in costs, together with post-judgment interest as provided for in the Rules of this court.

**I. BACKGROUND**

On December 21, 2011, Plaintiff brought suit in this court against various Defendants, alleging constitutional violations under 42 U.S.C. § 1983 and certain state law causes of action.[1] On July 22, 2013, all Defendants except Defendant Oddie Tribble (Tribble) were dismissed either with or without prejudice. *See* Opinion and Order, ECF No. 93.

Defendant Tribble is – and was at the time this lawsuit commenced – an inmate incarcerated in the United States Bureau of Prisons (BOP).[2] Tribble was personally served with the summons and

---

[1]Defendants County of Kershaw, Jim Matthews, Steve McCaskill, Kershaw County Sheriff's Office, and Certain Unnamed Officers and Employees of Kershaw County were dismissed from this action by Opinion and Order filed July 22, 2013. ECF No. 93.

[2]On November 2, 2010, Defendant Tribble was indicted by a federal grand jury for use of excessive force against Plaintiff while acting under color of state law, a violation of 18 U.S.C. § 242.

1

complaint, amended complaint, and second amended complaint. Tribble has not, at any time, appeared in this matter. Defendant Tribble is therefore in default.

On January 7, 2014, this court appointed J. Christopher Mills, Esquire, as *guardian ad litem* for Defendant Tribble for the limited purpose of determining Tribble's position regarding his domicile and whether or not he (Tribble) intended to participate in this lawsuit in any manner.

After receiving information from attorney Mills that Tribble intended to return to South Carolina after his release from the BOP and that he (Tribble) did not intend to participate in the lawsuit in any way, the court, based upon Plaintiff's waiver of jury trial, set the matter for non-jury trial on both liability and damages.

On September 9, 2014, the matter was heard before the court. Despite having been given a variety of opportunities to participate in the lawsuit, Defendant Tribble failed to either appear or to indicate that he wished to delay determination of the case until his release from federal prison. After admitting exhibits into evidence and hearing witnesses, the court found in favor of Plaintiff and awarded $100,000 compensatory damages and $200,000 punitive damages against Defendant Tribble in his individual capacity.

Plaintiff's counsel filed a motion for attorney's fees, seeking $17,875.00 in fees and $2,916.24 in costs.

---

On February 3, 2011, a jury found Tribble guilty of this offense. On May 16, 2011, Tribble was sentenced to sixty-three (63) months' imprisonment in the United States Bureau of Prisons and is currently serving this sentence.

**II. STANDARD**

Title 42 U.S.C. § 1988 provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." "The proper calculation of an attorney's fee award involves a three-step process." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013), *as amended* (Jan. 23, 2014). First, the "court must 'determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *Id.* (quoting *Robinson v. Equifax Info. Servs. LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009)). A court should "exclude from this initial fee calculation hours that were not 'reasonably expended'" on the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

There is a strong presumption of the reasonableness of the lodestar amount. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). However, after calculating the lodestar, a district court may adjust the amount of attorney's fees based on "the relative weights of the twelve factors set forth in *Johnson*." *Id.*[3]

---

[3] The reasonable hours and rate are determined by applying the following twelve factors first noted in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

> (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required to properly perform the legal service; (4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) fee awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

After determining the lodestar figure, the court should "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88. Finally, the court should "then award[] some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*[4]

Plaintiff bears the burden of establishing the reasonableness of a requested rate. *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). In determining whether a particular hourly rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quotation marks and citation

---

[4]There is some confusion in the case law about the correct application of the *Johnson* factors after *Perdue*. The *Perdue* Court found that the lodestar method was "[a]n alternative" to the consideration of the *Johnson* factors. 559 U.S. at 551. Additionally, the Court found that the lodestar may not be adjusted due to a *Johnson* factor already considered during the initial calculation of the lodestar. *Id*. at 552 (noting that applying the same *Johnson* factor during the initial calculation and then again to adjust the lodestar "would be impermissible double counting"). *See also E. Associated Coal Corp. v. Dir., OWCP*, 724 F.3d 561, 570 (4th Cir. 2013) (noting that "to the extent that any of [the *Johnson* factors] has already been incorporated into the lodestar analysis, we do not consider [those factors] a second time.").

In the recent case of *McAfee v. Boczar*, 738 F.3d 81 (4th Cir. 2013), *as amended* (Jan. 23, 2014), the Fourth Circuit approvingly noted that the district court had determined that the number of hours "reasonably expended" by McAfee's lawyers covered "at least" three of the *Johnson* factors (time and labor expended; novelty and difficulty of question raised; and time limitations imposed by client or circumstances). 738 F.3d at 89. Additionally, the district court had found that the reasonable hourly rate "subsumes" five additional *Johnson* factors (skill required to properly perform legal services; attorney's opportunity costs; customary fee; attorney's expectations at outset of litigation; and experience, reputation and ability of attorney). *Id*. The Fourth Circuit found that "[w]e have indeed recognized that, consistent with the district court's analysis, 'to the extent that any of [the *Johnson* factors] has already been incorporated in the lodestar analysis, we do not consider [those factors] a second time.'" *Id*. (quoting *E. Associated Coal Corp. v. Dir., OWCP*, 724 F.3d 561, 570 (4th Cir. 2013)). The Fourth Circuit went on to indicate that "[w]e have never ruled, however, that when certain *Johnson* factors have merged into the lodestar calculation, they are not to be otherwise considered to adjust the lodestar amount." *Id*. However, the Fourth Circuit found it unnecessary to identify which of the *Johnson* factors might be "subsumed" by the lodestar calculations, as *McAfee*, unlike *Perdue*, was a case where the attorney's fee request was reduced. *See McAfee*, 738 F.3d at 90.

4

omitted). Plaintiff must provide "satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which [s]he seeks an award." *Plyler*, 902 F.2d at 277. Examples of the type of relevant specific evidence courts have accepted include evidence of fees counsel has received from paying clients for similar services in similar circumstances, *Rum Creek Coal Sales*, 31 F.3d at 175, and "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community[,]" *Robinson v. Equifax Info. Svcs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009). Additionally, once Plaintiff provides "satisfactory specific evidence" of the prevailing market rate, a court may apply its own knowledge and familiarity of the relevant prevailing market rates to provide further evidence of the reasonableness of the rate. *See Rum Creek Coal Sales*, 31 F.3d at 179 (not abuse of discretion for magistrate judge to use personal knowledge of prevailing market rate in assessment of requested rates).

### III. DISCUSSION

Plaintiff's original complaint alleged five causes of action; summary judgment was granted as to all Defendants except Tribble. Thereafter, Plaintiff filed a second amended complaint, alleging two (2) causes of action: unreasonable seizure under the Fourth Amendment and an excessive force claim under the Eighth Amendment. At trial, it was clarified that Plaintiff's claim was that Defendant Tribble had, while acting under color of the authority of the State of South Carolina, deprived Plaintiff of certain rights and privileges secured to him by the Constitution and laws of the United States, namely, the right to be free from the use of excessive force, a right which in this circumstance was protected by the Fourteenth Amendment based upon Plaintiff's status as a pretrial detainee.

### IV. CALCULATION OF ATTORNEY'S FEES

#### A. CALCULATION OF LODESTAR AMOUNT

##### 1. REASONABLE NUMBER OF HOURS

Under a fee-shifting statute, a fee applicant is expected to exercise "billing judgment" in deciding which hours are "properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434. *See id.* ("Hours that are not properly billed to one's client also are not properly billed to one's adversary . . . ."). "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). To this end, the court notes that Plaintiff's counsel indicates he spent 68 hours on this matter as of September 18, 2014. The court finds this to be a reasonable number of hours.

##### 2. REASONABLE RATE

In support of the motion for attorney's fees and costs, Plaintiff's counsel Robert Phillips (Phillips) submitted a declaration that outlines his requested rate ($275 per hour) and that this rate, "is in my opinion, to a reasonable degree of legal certainty, . . . reasonable based on my level of experience and the nature of the case." Decl. of Robert V. Phillips at ¶ 18, ECF No. 133-1.

However, this evidence is unsatisfactory, as affidavits should be submitted which are "affidavits of other local lawyers who are familiar both with *the skills of the fee applicants* [*i.e.*, Phillips] and more generally with the type of work in the relevant community[,]" *Robinson v. Equifax Info. Svcs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009) (emphasis added).

6

Phillips has failed to present satisfactory specific evidence of the prevailing market rate. However, the court exercises its discretion to take the evidence presented and, based upon its own knowledge of the relevant prevailing market rates, approves a rate of $126 per hour for Phillips. *See Grissom v. Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (reversing fee award, in part because "Plaintiff offered no specific evidence that the hourly rates sought for his attorneys coincided with *the then prevailing market rates of attorneys in the [district] of similar skill and for similar work*, which our case law required him to do." ) (emphasis added); *Plyler*, 902 F.2d at 277 ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the *prevailing market rates in the relevant community* for the type of work for which he seeks an award.") (emphasis added).   This rate corresponds to the current rates paid attorneys providing service under the Criminal Justice Act, 18 U.S.C. § 3006A.

### 3. LODESTAR RATE CALCULATION

Based on the number of hours noted above (68 hours) and the approved rate ($126) the court determines that the lodestar figure is $8,568.00.

### B. FEES SPENT ON UNSUCCESSFUL CLAIMS

Plaintiff was successful in his constitutional claim in this court against Tribble, as he was awarded both compensatory and punitive damages.  However, summary judgment or dismissal was granted as to all other claims.  The court exercises its discretion and declines to reduce the lodestar amount in this instance and finds that an award of the full $8,568.00 is appropriate.

### V. Costs

Plaintiff seeks $2,916.24 in costs.[5] The court awards 2,000.00, which is Plaintiff's expert witness fee. The court declines to award costs for food and lodging for counsel, Plaintiff, and Plaintiff's expert.

### VI. Conclusion

For reasons stated above, the court grants Plaintiff's motion for attorney's fees in the amount of $8,568.00 and awards costs in the amount of $2,000.00. The court also awards Plaintiff post-judgment interest as provided in Local Civil Rule 54.02(B).

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 17, 2014

---

[5] Plaintiff's "Exhibit A" indicates the total costs sought are $3,916. However, this number does not correspond to the figures submitted, which total $2,916.24.